UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.   A-20-CR-175 (LY) |
| | § | |
| JOSHUA COLIN HONIGBERG | § | |

**DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT FOR FAILURE TO STATE AN OFFENSE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE YEAKEL:

Joshua Honigberg, through undersigned counsel, hereby moves the Court under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) to dismiss Count One of the Second Superseding Indictment. The Second Superseding Indictment fails to allege facts that constitute a federal crime and violates Mr. Honigberg's constitutional due process right to be "informed of the nature and cause of the accusation." U.S. Const. Amend. VI. Therefore, it must be dismissed. In support of this motion, Honigberg shows as follows:

**I. Three strikes you're out: the history of the government's three failed attempts to adequately charge a crime under 26 U.S.C. § 5861(d).**

This is the third time in eleven months that the government has tried to indict Mr. Honigberg for possession of a destructive device in violation of 26 U.S.C. § 5861(d), the provision of the National Firearms Act that criminalizes knowing possession of unregistered firearms.

**A. The original indictment**

On May 29, 2020, FBI agents searched Mr. Honigberg's apartment and seized a black padlocked hard plastic Pelican case that, agents learned after they emptied it, contained an assortment of items inside, including fused, duct-taped packets of energetic material. The indictment originally charged Mr. Honigberg with violating 26 U.S.C. § 5861(d) by knowingly

possessing a firearm, specifically a destructive device as defined at 26 U.S.C. § 5845(a)(8) and (f)(1)(A). Dkt. No. 12 (Indictment). The definition of "destructive device" charged in the original indictment alleged "an explosive, incendiary, or poison gas bomb." 26 U.S.C. § 5845(f)(1)(A).

Mr. Honigberg filed several pretrial motions challenging the indictment, including a motion to suppress and a motion to dismiss. The motion to suppress argues that the search warrant used to enter Mr. Honigberg's apartment contained false statements and material omissions and, setting aside those falsehoods and omissions, failed to establish probable cause for the search. *See* Dkt. No. 20. The motion to dismiss argues that the government's intentional destruction of the items inside the Pelican case and failure to preserve evidence violates the constitutional guarantees governing a defendant's access to evidence. Dkt. No. 21. Additionally, Mr. Honigberg filed a motion for a bill of particulars, requesting that the Court order the government to allege specific facts about the device given that it is no longer available for inspection by defense counsel in light of the government's destruction of evidence. Dkt. No. 30.

On February 12, 2021, the Court held a day-long hearing and heard testimony on Mr. Honigberg's motions. On February 24, 2021, the Court heard oral argument on the motions and took the motions under advisement. At the conclusion of the hearing, the Court ordered the parties to seek leave of court before filing any additional motions.

    **B. The Superseding Indictment**

Two weeks after the hearing, the government filed a superseding indictment against Mr. Honigberg. In addition to adding an unrelated misdemeanor drug possession charge, the Superseding Indictment substantively changed Count One by alleging a different definition of destructive device. *See* Dkt. No. 42 (Superseding Indictment). The original indictment had

charged a destructive device defined as a "explosive, incendiary, or poison gas bomb" under 26 U.S.C. § 5845(f)(3). The Superseding Indictment alleged a destructive device as defined in § 5845(f)(1)(A). The government cited an entirely different subsection of definition of "destructive device" but alleged no new facts or description of the device.

Substantively, the change in definition means the government no longer alleges that Mr. Honigberg possessed a completed "explosive, incendiary, or poison gas bomb" but instead a "combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled." *Cf.* 26 U.S.C. § 5845(f)(1)(A) *with* § 5845(f)(3).

On March 16, 2021, pursuant to the Court's oral pronouncement, Mr. Honigberg sought leave to file a motion to dismiss count one of the Superseding Indictment. *See* Attachment 2 to Defendant's Motion for Leave to File, Dkt. No. 47. In his motion, Mr. Honigberg argued that the superseding indictment was fatally defective in that it lacked specificity by failing to allege any of the factual particulars of the destructive device charged.[1] *Id.* Instead of clarifying the alleged destructive device by providing essential facts, the government superseded with a charge that cited a broader definition of the alleged device. *Id.*

C. **The Second Superseding Indictment**

Rather than responding to Mr. Honigberg's motion to dismiss the superseding indictment, the government returned to the grand jury a third time and obtained a Second Superseding Indictment. Dkt. No. 50. The Second Superseding Indictment charges the same subsection of the

---

[1] In light of the filing of the Second Superseding Indictment, Mr. Honigberg withdraws his request for leave to file motions responsive to the Superseding Indictment.

definition of destructive device as the superseding indictment, but now adds the descriptive language beginning at "to wit":

> On or about May 29, 2020, in the Western District of Texas, the defendant, Joshua Colin Honigberg, knowingly possessed a destructive device, as defined by Title 26, United States Code, Sections 5845(a)(8) and (f)(3), *to wit: a combination of parts enclosed in a plastic Pelican case containing four fused, duct tape wrapped powder devices, two shotgun shells, four road flares, two smoke grenades, one commercially-available lighter, once caustic substance grenade, precut length of fuse, one fused pyrotechnic device and thirteen metal tire deflation devices;* that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

Dkt. No. 50 (emphasis added).

## II. Legal Standard

A defendant has a Constitutional due process right to know which specific crime—with which elements—he is accused of having committed. *Ricaldy v. Procunier*, 736 F.2d 203, 207 (5th Cir. 1984). "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial on the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding." *Cole v. Arkansas*, 333 U.S. 196, 201 (1948). An indictment must allege the essential elements of the offense. *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994). And an indictment must "allege that the defendant's conduct met each of those elements." *United States v. Suarez*, 966 F.3d 376, 382 (5th Cir. 2020).

"The test to determine the sufficiency of an indictment is whether it contains the essential elements of the offense so that it fairly informs the defendant of the charges against him and adequately enables the defendant to be protected against further prosecution for the same offense." *United States v. Campbell*, 685 F.2d 131, 132 (5th Cir. 1982). To dismiss an indictment for failure

to state an offense, the court must find that the indictment does not contain the elements of the offense intended to be charged. *Russell v. United States*, 369 U.S. 749, 763 (1962); *United States v. Uni Oil, Inc.*, 646 F.2d 946, 953 (5th Cir. 1981), *cert. denied*, – U.S. – (1982).

### III.    Argument

Count One of the Second Superseding Indictment suffers the same fatal flaw as the government's first two attempts because it fails to charge the elements of an offense and, by extension, violates Mr. Honigberg's constitutional due process right to notice of the charge against him. Count One of the Second Superseding Indictment does not charge an offense under 26 U.S.C. § 5861(d) because it does not charge Mr. Honigberg with possession of any "firearm" defined by statute. It is the absence of substantive, legally-actionable fact, not mere wordplay, that dooms each of the government's attempts to charge a crime in Count One.

**A. A prosecution for unlawful possession of a "firearm" must charge a "firearm," an essential element of an offense under 26 U.S.C. § 5861(d).**

The government has charged Mr. Honigberg with violating 26 U.S.C. § 5861(d). The elements of the charge are:

(1) that the defendant knowingly possessed a firearm;
(2) that it was a firearm;
(3) that the defendant was aware of the characteristics of the firearm;
(4) that the firearm was or could readily be put in operating condition; and
(5) that the firearm was not registered to the defendant.

*United States v. Tovar*, 719 F.3d 376, 390 (5th Cir. 2013) (listing out the elements of a § 5861(d) charge); *See* Committee on Pattern Jury Instructions, *Fifth Circuit Pattern Jury Instructions (Criminal Cases)*, Instr. 2.102 (2019). A "firearm" is a component of each of the five elements of a § 5861(d) offense. To prosecute Mr. Honigberg for unlawful possession of an unregistered firearm, the government must allege he possessed a "firearm."

5

Destructive devices are prosecuted as firearms under 26 U.S.C. § 5861(d) (the National Firearms Act). *United States v. York*, 600 F.3d 347, 354 (5th Cir. 2010). "As used in the Act, the word 'firearms' is a term of art that includes primarily weapons thought to be of a military nature and of no legitimate use for sport or self-defense." *United States v. Anderson*, 885 F.2d 1248, 1250 (5th Cir. 1989). As the Fifth Circuit emphasized, "at no point in the Act is 'firearms' used in the general dictionary sense . . . various items entirely outside the commonly understood sense of the term are included in the Act's definition of 'firearms': artillery pieces, mines, bombs, grenades and the like, along with silencers." *Id.* at 1250-51. As a statutorily crafted term of art, items included in the definition are not necessarily intuitive:

> [T]he term as used in the Act bears little if any correspondence to that in common usage, much as though the word "animal" were defined in some suppositious National Zoo Act to exclude all mammals, reptiles and birds except lions and tigers, but to include freight trains, teddy bears, feather-boas and halltrees. So much for the Act and its "firearms": what signifies for present purposes is that knowing or proving that a thing is a firearm in the ordinary sense of the term tells almost nothing about whether it is a "firearm" for purposes of [26 U.S.C. § 5861(d)].

*Id.* at 1251. A conviction under § 5861(d) requires the government to prove that the defendant "knew [what he possessed] was a "firearm" in the *Act* sense, not that he (or she) merely knew it was a firearm" under laymen's terms. *Id.*

Eight different types of "firearms" are defined at 26 U.S.C. § 5845(a)(1)-(8). "Destructive device" is one type, and "destructive device" consists of the different types further defined in § 5845(f). *Id.* at §§ 5845(a)(8), 5845(f)(1)-(3). It has been over eleven months, and the government hasn't decided what type of "destructive device" it thinks Mr. Honigberg possessed. First, the government charged him with possessing a bomb under § 5845(f)(1)(A). Dkt. No. 12. Then, with no new factual allegations, the government changed the charge to "any combination of parts either

6

designed or intended for use in converting any device into a destructive device . . . and from which a destructive device may be readily assembled" under § 5845(f)(3). Dkt. No. 42. Now the indictment persists with the more amorphous "combination of parts" definition under § 5845(f)(3) and adds a "to wit" line. Dkt. No. 50.

The Second Superseding Indictment now lists a "combination of parts." But a combination of parts alone is not a "firearm" under 26 U.S.C. §5845(f)(3). *See, e.g., United States v. Fredman*, 833 F.2d 837, 839 (9th Cir. 1987) (concluding that unassembled component parts of commercial explosives could not qualify as a "firearm" absent proof of "intent to use" and "convert" because otherwise "[p]ossession of an enclosed container of gasoline in a garage could, under such an interpretation . . . be termed criminal possession of a 'bomb'.").

To constitute a "destructive device" that qualifies as a "firearm" the statute requires that the combination of parts be "designed or intended for use in converting any device" into one of the specifically enumerated devices set out in subparagraphs (1) or (2) and must be parts "from which a destructive device may be readily assembled." 26 U.S.C. § 5845(f)(3). *See, e.g., United States v. Peterson*, 475 F.2d 806, 810 (9th Cir. 1973) (government must prove "defendants intended to use and did convert the materials into a bomb, grenade . . . or [similar device]" if commercial explosive is to meet statutory definition of "destructive device"). "Subsection [f](3) requires such a crude device to fall within one of the definitions of subsections (1) and (2)." *United States v. Podolsky*, 625 F. Supp. 188 197 (N.D. Ill. 1985) (explaining that when the government charges a violation under §5845(f)(3), "the government essentially argues that the combination of parts would produce an 'incendiary . . . (A) bomb . . . or (f) similar device'" and acquitting defendant where evidence showed device in question would ignite and burn but not explode).

A combination of parts must do things before it constitutes a destructive device prosecutable as a "firearm" under the statute. Subsection 5845(f)(3) "explicitly requires proof that (1) a combination of parts; (2) was either designed or intended; (3) for use in converting; (4) a device into a destructive device (as defined in subsection (A)); and (5) can be readily assembled." *United States v. Lussier*, 128 F.3d 1312, 1315 (9th Cir. 1997) (explaining that a charge of unassembled parts requires proof that the combination of parts was "designed" or "intended" to be used in converting something into a bomb or similar device); *see also United States v. Malone*, 546 F.2d 1182, 1183 (5th Cir. 1977) ("The words of the statute are 'from which a destructive device may be readily assembled', and not, as the government contends, 'from which a destructive device may be readily assembled with addition of other parts.'"); *United States v. Oba*, 448 F.2d 892, 900 (9th Cir. 1971) ("The most obvious difficulty is that subparagraph (3) itself does not bring *any* device within the statute; instead, it brings within the statute a collection of parts from which a device may be assembled. Moreover, the device referred to is one to which the statute would otherwise apply.").

The government's attempt to charge a crime merely by citing the statute and including a long list of legally and commonly obtainable items does not charge a crime under 26 U.S.C. § 5861(d) as a matter of law. That is because the list of parts the government includes does not constitute a "firearm" under any definition of § 5845(f)(3). "To be sufficient, an indictment must (1) enumerate each *prima facie* element of the charged offense, (2) notify the defendant of the charges filed against him, and (3) provide the defendant with a double jeopardy defense against future prosecutions." *United States v. Suarez*, 966 F.3d 376, 381 (5th Cir. 2020) (cleaned up). An indictment must "'allege that the defendant committed each of the essential elements of the crime

charged'; it is not sufficient to merely state the elements of the crime." *Id.* (quoting *United States v. Oberski*, 734 F.2d 1034, 1035 (5th Cir. 1984)); *United States v. Dentler*, 492 F.3d 306, 309 (5th Cir. 2007) ("To be valid, an indictment must charge positively and not inferentially everything essential.") (internal citation omitted).

### B. A "firearm" is also a critical part of the *mens rea* element of a § 5861(d) charge because the government bears the burden of proving the defendant's knowledge of the characteristics of any "firearm."

More than just the object of an offense, the existence of a "firearm" is also a critical component of the *mens rea* element of a § 5861(d) charge. The *mens rea* element of a § 5861(d) charge requires the government to prove that the defendant knew of the features or characteristics of the firearm that are within the definition of 26 U.S.C. § 5845. *See Rogers v. United States*, 522 U.S. 252, 258 (1998).

It is axiomatic that in a prosecution for knowingly possessing an unregistered firearm the government must "prove a defendant's knowledge of a weapon's physical properties to obtain a conviction under § 5861(d)." *Staples v. United States*, 511 U.S. 600, 604 (1994) ("[T]hat an item is 'dangerous,' in some general sense, does not necessarily suggest, as the Government seems to assume, that it is not also entirely innocent."); *Rogers v. United States*, 522 U.S. 252, 254 (1998) ("[T]he *mens rea* element of a violation of § 5861(d) requires the Government to prove that the defendant knew that the item he possessed had the characteristics that brought it within the statutory definition of a firearm.").

This knowledge requirement is the same regardless of the type of "firearm" specifically charged. *United States v. Reyna*, 130 F.3d 104, 109 (5th Cir. 1997) ("[W]e refuse to interpret section 5861(d) to have different mens rea requirements for the same element (*i.e.*, possession of

a firearm) depending on the type of firearm."). By failing to charge an essential element of the offense—the existence of a "firearm"—the government has failed (again) to put Mr. Honigberg on notice of what it is he's accused of knowingly possessing that was illegal.

The Second Superseding Indictment lists "a combination of parts" but does not relate how anything about them makes them a "firearm" under § 5845 or illegal to possess under § 5861(d). Because the indictment does not charge any characteristics that transform the common items listed into illegal parts, it does not charge Mr. Honigberg with any offense criminalized under 26 U.S.C. § 5861(d). Mr. Honigberg cannot be tried for knowingly possessing a combination of parts that aren't illegal. If the government insists on trying Mr. Honigberg for knowingly possessing an unregistered firearm, the government must charge him with the elements of that offense. This indictment fails to do so.

### IV.     Conclusion

In failing to charge Mr. Honigberg with knowing possession of anything that constitutes a "firearm" defined under 26 U.S.C. § 5845 and criminalized under 26 U.S.C. § 5861(d), Count One of the Second Superseding Indictment substantively fails to charge an offense. For this reason, the Court should dismiss Count One.

                Respectfully submitted,

                MAUREEN SCOTT FRANCO
                Federal Public Defender

                _____
                /s/ CHARLOTTE A. HERRING
                Assistant Federal Public Defender
                Western District of Texas
                Lavaca Plaza

504 Lavaca St., Ste. 960<br>
Austin, Texas 78701<br>
(512) 916-5025<br>
(512) 916-5035 (FAX)<br>
TX Bar Number: 24064026<br>
*Attorney for Joshua Honigberg*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Grant Sparks
Assistant U.S. Attorney
903 San Jacinto, Ste. 334
Austin, TX 78701

/s/  CHARLOTTE A. HERRING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | NO.  20-CR-175 (LY) |
| JOSHUA COLIN HONIGBERG | § § | |

**O R D E R**

On this date the Court considered Defendant's Motion to Dismiss Count One of the Second Superseding Indictment for Failure to State an Offense and, good cause having been shown, orders the following:

It is hereby ORDERED that the Defendant's Motion to Dismiss Count One of the Second Superseding Indictment be GRANTED.

SIGNED this _____ day of _____, 2021.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE