IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 1:20-CR-0175-LY |
| | § | |
| JOSHUA COLIN HONIGBERG | § | |

## ORDER DENYING MOTION TO DISMISS INDICTMENT FOR GOVERNMENT'S SPOLIATION OF EVIDENCE

Before the court in the above-styled and numbered action are Defendant Joshua Honigberg's Defendant's Motion to Dismiss Indictment for Government's Spoliation of Evidence In Violation of *Brady v. Maryland* and *Arizona v. Youngblood* filed November 25, 2020 (Doc. #21), the Government's response filed January 25, 2021 (Doc. #26), and Honigberg's reply filed February 1, 2021 (Doc. #29). Honigberg contends that due to the Government's spoliation of potentially exculpatory evidence, he is unable to prepare and present a defense to the charge that he possessed a destructive device, and therefore, the court should dismiss the charge. *See* 26 U.S.C. 21 §§ 5845(a)(8), (f)(3); 5861(d).

On February 12, 2021, the court held a hearing and took the motion under advisement. On March 2, 2021, a grand jury returned a superseding indictment (Doc. #42). The superseding indictment included a different description of the destructive device in count one and added a second count, charging Honigberg with misdemeanor possession of the controlled substance, psilocin. *See* 21 U.S.C. § 844(a).[1] On April 6, 2021, the grand jury returned a second superseding indictment that again changed the description of the destructive device in count one but maintained the second count

---

[1] The Government changed count one from alleging a bomb to alleging the unlawful possession of a destructive device consisting of "any combination of parts designed or intended for use in converting any device into a destructive device . . . and from which a destructive device may be readily assembled." 26 U.S.C. § 5845(f)(3).

charging Honigberg with misdemeanor possession of psilocin (Doc. #50).[2] During a telephone conference with the court on April 9, 2021, and by a Joint Advisory to the Court filed April 21, 2021 (Doc. #59), counsel agreed that this motion is ripe for consideration, that the motion applies to count one of the second superseding indictment, and that no additional evidence is needed for the court to render a decision.

The day before Honigberg filed this motion, the Government advised Honigberg by email that when homemade explosive or destructive devices are recovered in a search as occurred here, the excess explosive material that appears homemade, non-commercial, or not easily identifiable is destroyed. Further, the Government advised Honigberg that unknown combinations of explosive materials, for safety considerations, cannot be stored or retained as evidence for future court proceedings. Additionally, the Government advised Honigberg that samples of the energetic materials seized during the search of his residence were retained and shipped to the FBI's laboratory in Quantico, Virginia, for testing. The Government advised Honigberg that the testing protocols would be shared, so that Honigberg could arrange for a defense expert to also test the energetic materials. The Government represents that since this motion was filed, it has forwarded to Honigberg 255 pages of notes, instrument printouts, charts, and graphs associated with the forensic

---

[2] The Government again changed count one, charging that Honigberg knowingly possessed a destructive device in violation of

> Title 26, United States Code, sections 5845(a)(8) and (f)(3) to wit: a combination of parts enclosed in a plastic Pelican case containing four fused, duct tape wrapped powder devices, two shotgun shells, four road flares, two smoke grenades, one commercially-available lighter, one caustic substance grenade, precut length of fuse, one fused pyrotechnic devise and thirteen metal tire deflation devices; not properly registered to him.

analysis of the energetic material seized during the search of Honigberg's residence and submitted to the FBI's laboratory. The Government has also provided Honigberg additional photos of the contents of the Pelican case seized from Honigberg's residence. The Government's position is that independent testing of the energetic material by a defense expert, coupled with a review of the photographs of the contents of the Pelican case containing the components would afford the defense expert more than enough information to render an opinion that the components combined or independent of one another, constituted a destructive device.

Honigberg contends count one of the second superseding indictment charging him with possession of a destructive device should be dismissed pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *California v. Trombetta*, 467 U.S. 479 (1984), *Arizona v. Youngblood*, 488 U.S. 51 (1988), and the Fifth and Fourteenth Amendments to the Constitution. Specifically, Honigberg contends that the Government's conduct–destroying some of the evidence recovered during the FBI's May 29, 2020 execution of the search warrant for "evidence, fruits and/or instrumentalities of violations of 26 U.S.C. § 5861(d) (unlawful possession of a destructive device) or 21 U.S.C. § 841 (possession of a controlled substance with intent to distribute)" at Honigberg's apartment–violates *Brady* because due process requires that the Government turn over exculpatory evidence. 373 U.S. at 87. Additionally, Honigberg contends that the Government's conduct violates *Trombetta* and *Youngblood* because the Government failed to preserve evidence that is potentially exculpatory to the defense and the destruction was in bad faith. *Trombetta*, 467 U.S. at 489; *Youngblood*, 488 U.S. at 57.

A criminal defendant moving for dismissal on the basis of spoliation of evidence must show (1) the Government destroyed evidence which was potentially useful and had exculpatory value that

3

was apparent before it was destroyed; (2) the Government did so in bad faith; and (3) the destroyed evidence was of such nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000).

The Government disagrees with Honigberg's position that the evidence destroyed was exculpatory. Additionally, the Government disagrees with Honigberg's contention that destruction of the excess energetic evidence amounted to the Government's wholesale destruction of the alleged destructive device and prevented Honigberg from having his own expert examine the device and opine about the device's design and explosive capabilities, if any. The Government argues that the photos of the Pelican case and its contents, combined with the FBI's laboratory reports adequately afford a defense expert the ability to opine on the explosive capability and design of the device. Also, the Government has made available to Honigberg a video that shows a law enforcement agent's hand taking a sample of the contents of one of the small devices. The Government argues that comparison of the approximate volume of powder material contained in the small device, along with the forensic analysis of the energetic material (already completed by the FBI's laboratory) would provide a defense expert with enough information to form an opinion about the capabilities of the device. Further, the Government argues it does not have an absolute duty to retain all material of any possible evidentiary value. The Government argues that it must balance the interests of public safety with its duty to obtain and retain adequate evidence to prove the elements of any alleged criminal offense.

At the February 12, 2021 hearing, Special Agent Bomb Technician James Wilson explained that after samples were taken of the energetic material contained inside some of the items in the Pelican case, he authorized the destruction of the excess energetic material and the other non-sample

4

items. Wilson did so after conducting flame tests on energetic material taken from four out of five similar items found inside the Pelican case and after confirming video and photographs had been taken of the entire device. As Wilson conducted the flame tests, each of the samples ignited immediately with an intense combustion. It was because the energetic material was in powder form, and coated the interior of each package that Wilson made the decision to destroy all non-sample items, with the exception of the Pelican case and the caltrops. Wilson, noted that even a spark generated by static electricity could cause the volatile energetic materials to combust or become flamable. Due to the conditions and volatility of the materials, Wilson used a robot as much as possible for directly handling the materials.

The court finds and concludes that for safety purposes the Government's destruction of the explosive materials or powders was reasonable. Also, the court finds that the destruction of the materials does not render Honigberg incapable of presenting a defense that the components he possessed, in combination, did not meet the definition of a destructive device. Honigberg will be able to cross-examine witnesses who might testify to the contrary. Also, since filing this motion, Honigberg has received much more discovery from the Government related to the alleged destructive device, including, *inter alia*, additional photographs, a video, and the FBI's testing data related to the energetic materials taken from the smaller devices found inside the Pelican case. Further, the court finds that the evidence the Government claims it destroyed for safety reasons had no exculpatory value that was apparent before it was destroyed. *See Trombetta*, 467 U.S. at 488-89. And finally, the court concludes that Honigberg has failed to establish that the Government destroyed evidence recovered in the search of Honigberg's residence for anything other than safety reasons,

or that in destroying the volatile combustible materials, the Government acted in bad faith. *See Youngblood*, 488 U.S. at 57.

Honigberg also contends that the Government violated its own policies and procedures related to handling explosive devices. The Government disagrees, noting that Honigberg refers to procedures applicable to the FBI's laboratory personnel, not field personnel, such as Wilson. The court agrees with the Government and finds that Honigberg complains about policies and procedures that did not apply to Wilson, who was working in the field rather than an FBI laboratory.

Having considered the motion, response, reply, and the applicable law,

**IT IS ORDERED** that Defendant Joshua Honigberg's Defendant's Motion to Dismiss Indictment for Government's Spoliation of Evidence In Violation of *Brady v. Maryland* and *Arizona v. Youngblood* filed November 25, 2020 (Doc. #21) is **DENIED**.

SIGNED this __21st__ day of June, 2021.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE